IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MANETIRONY CLERVRAIN | § | |
| VS. | § | CIVIL ACTION NO. 1:18cv61 |
| J.A. KELLER, ET AL. | § | |

MEMORANDUM OPINION REGARDING VENUE

Plaintiff Manetirony Clervrain, an inmate currently confined at the Big Spring Correctional Center located in Big Spring, Texas, proceeding *pro se*, brings this civil rights action against J.A. Keller, Jason A. Sicker, Ben Brieshke, and Jose Santana.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

This action was severed from a 119 page civil rights complaint filed by plaintiff alleging constitutional violations occurring over a span of four years at multiple correctional facilities. Plaintiff states defendants Keller, Sicker, and Brieshke were each duly appointed and acting as the South Central Regional Director of the Bureau of Prisons in Grand Prairie, Texas at the times relevant to his pleadings. Plaintiff states defendant Santana was duly appointed and acting as the Director of designation and sentence computation for the Bureau of Prisons in Grand Prairie, Texas.

Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28

U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claims arose. Plaintiff's claims arose in Grand Prairie, Texas where the defendants took action concerning his complaints. The city of Grand Prairie, Texas is in Dallas County, Texas. Additionally, each of the defendants in this action are employed with the Federal Bureau of Prisons in Grand Prairie, Texas. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case appears to be Dallas County, Texas. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, Dallas County is in the Northern District of Texas. Accordingly, venue in the Eastern District of Texas is not proper.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This case should be transferred to the Northern District of Texas, Dallas Division. An appropriate order so providing will be entered by the undersigned.

**SIGNED this the 19th day of April, 2019.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE